## CLEMENTS v. CASSILY.

Where a creditor, who had obtained judgment against his debtor in an action commenced by attachment and in which the property was bonded by the latter, after a return of a *fi. fa.* unsatisfied, takes a rule against the surety in the bond to show cause why he should not be condemned to pay the debt, and appeals from a judgment dismissing his rule, his subsequently issuing an *alias fi. fa.* will not be considered a voluntary execution of the judgment, authorizing the dismissal of the appeal. The judgment from which the appeal was taken is wholly distinct from that rendered in the principal cause, and in which the *fi. fa.* was issued.

APPEAL from the Fourth District Court of New Orleans, *Strawbridge*, J. *Perin*, for the appellant. *Mott*, contrâ. The judgment of the court was pronounced by

KING, J. The appellee has moved to dismiss this appeal, on the ground that the appellant has acquiesced in the judgment appealed from, by voluntarily executing it.

The judgment appealed from dismissed a rule taken on *Fullerton*, to show cause why he should not pay the amount of a judgment rendered in an attachment suit against *Cassily*, in which suit *Fullerton* was the surety on the bond given by the defendant for the release of the property attached. The rule upon the surety was preceeded by a *fi. fa.* issued against the judgment debtor, which was returned *nulla bona*. Subsequently to the rendition of the judgment appealed from an *alias fi. fa.* was issued, which at the date of the appeal had not been returned. This it is contended is a voluntary execution of the judgment. The two executions which have issued were not awarded under the judgment appealed from, but under the judgment rendered against the defendant in the attachment suit, which the plaintiff could legally enforce without prejudice to his rights against the surety on the bond. It is true that a satisfaction of the writ would extinguish the claim against the surety; but against the latter he has obtained no judgment, upon which to issue an execution. The object of his rule was to obtain such a judgment against the surety rendering the latter liable upon the bond, and the appeal is from the judgment dis-

missing that rule, which is wholly distinct from the judgment rendered in the principal cause, and which the plaintiff has been endeavoring to execute. There has been, therefore, no acquiescence in the judgment appealed from.

The motion to dismiss is, therefore, overruled.